LE ROY SILK MILLS, INC., Respondent, *v.* MAJESTIC SHIRT CO., INC., Appellant.

First Department, May 16, 1924.

Sales — action for purchase price of cloth — Statute of Frauds — written contract for forty-two pieces, about 65-70 yards each, insufficient — number of yards essential part of contract — admissions — allegation in defense of agreement similar to that alleged in complaint not binding on defendant as admission, in absence of allegation that it was in writing.

A seller of goods cannot recover damages for breach of contract on the part of the buyer, where the contract pleaded is for forty-two pieces of cloth of about sixty-five to seventy yards each, and there is no evidence aside from the contract as to the number of yards in each piece, nor any proof of the custom of the trade with reference to yardage in piece goods of the kind sold, since the written contract does not comply with the Statute of Frauds which was pleaded by the buyer, in that it fails to specify the number of yards sold.

An allegation in the defense of an agreement similar to that alleged in the complaint will not aid the seller, as an admission on the part of the buyer, since it is not alleged that that contract was in writing.

APPEAL by the defendant, Majestic Shirt Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of February, 1923, upon the verdict of a jury, and also from an order

**400** Le Roy Silk Mills, Inc., *v.* Majestic Shirt Co., Inc.

First Department, May, 1924.                    [Vol. 209

entered in said clerk's office on the 26th day of February, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Mark E. & Samuel S. Goldberg* [*Samuel S. Goldberg* of counsel], for the appellant.

*I. Gainsburg* [*Joseph P. Segal* with him on the brief], for the respondent.

Smith, J.:

In December, 1919, the defendant purchased from the plaintiff forty-two pieces of fibre shirting known as Kuroy, at two dollars and thirty-five cents per yard. The goods were to be delivered "April, May, June, July, 1920." No deliveries or tenders were made in April or May, but on June 3, 1920, the plaintiff tendered three pieces containing 213 1/8 yards; on June tenth, three pieces containing 205 6/8 yards; on June twenty-third, eighteen pieces containing 1,270 1/8 yards; on July first, six pieces containing 414 6/8 yards, and on July fifteenth made a tender of seventeen pieces containing 1,187 1/2 yards. The number of pieces so tendered exceeded the contract number, and on the trial the plaintiff claimed for only eleven pieces containing 767 yards for the July fifteenth tender. These tenders were rejected. The verdict of the jury was for the 2,870 yards so tendered at a difference of one dollar and fifty cents between the market price at the time of the tender and contract price.

The complaint pleads a contract for forty-two pieces of an average of "about 65–70 yards to a piece." The defendant, while admitting that the plaintiff agreed to deliver certain Kuroy fibre shirtings, denies that the agreement was as set forth in the complaint, and as a separate defense pleads the Statute of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.) The plaintiff proved a contract for forty-two pieces at two dollars and thirty-five cents per yard, in which contract no mention was made of the number of yards in a piece. There was no proof by the plaintiff aside from the contract as to the number of yards to the piece, nor was there any proof of the custom of the trade with reference to the yardage in piece goods of the kind sold. At the end of the proofs the defendant moved to dismiss the complaint on the ground of the Statute of Frauds, in that there was no proof concerning the yardage. The goods having been sold by the yard, the number of yards contracted for was an essential part of the contract; and no specification thereof having been made, the motion of the defendant to dismiss the complaint should have been granted.

Plaintiff claims that because the defendant in its second separate defense alleges an agreement similar to that alleged in the complaint, stating that the goods were to be of an average of sixty yards to the piece, it is bound by that allegation as an admission. But th¹s agreement is not alleged to have been in writing. There was no proof in the case by either the plaintiff or the defendant of any such contract.

The judgment and order appealed from should be reversed, with costs, and a new trial granted with leave to apply at Special Term for an amendment of the complaint.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event, with leave to plaintiff to move at Special Term for leave to serve an amended complaint.