SAMUEL STRAUSS & COMPANY, INC., Respondent, v. ABRAHAM KATZ, Doing Business under the Name and Style of ABRAHAM KATZ COMPANY, Appellant.

First Department, October 31, 1924.

Sales — action by seller for damages for refusal of buyer to accept 100 pieces of cloth — Statute of Frauds — contract, which did not specify yards in each piece, is insufficient when there is no trade custom — date of acceptance of order may be waived — signing of contract after specified date for acceptance is waiver.

A contract for the sale of 100 pieces of cloth at a given price per yard does not comply with the Statute of Frauds, where the number of yards per piece is not specified and there is no custom in the trade as to the number of yards a piece of cloth shall contain.

The fact that the buyer did not accept the seller's confirmation of the order within the time limited is not material, since the failure to accept within the proper time may be waived and it was waived in this case by the execution of the contract thereafter.

APPEAL by the defendant, Abraham Katz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of March, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Trencher & Birnbaum [Samuel Greenbaum of counsel; Samuel M. Birnbaum with him on the brief], for the appellant.*

*Rose & Paskus [I. Maurice Wormser of counsel; I. Gainsburg with him on the brief], for the respondent.*

SMITH, J.:

The action is brought to recover damages for refusing to accept 100 pieces of satin de chine goods at two dollars and ten cents per yard. It seems that satin de chine goods are goods made up of cotton and silk and are not pure silk. The evidence is to the effect that the quality of this silk differs, there being five or six grades of

the same according to the amount of cotton used; but that is not urged here, because the question was submitted as to whether the silk furnished accorded with the contract, although the contract did not specify the exact quality purchased. The contract was simply for 100 pieces at so much per yard. There was nothing in the contract as to the number of yards to be contained in the piece. Of course, if there were any custom in the trade that a piece should contain generally 50 or 60 yards, or even 100 yards, then the contract would probably be sufficient under the Statute of Frauds.* The difficulty with this, however, lies in the fact that the trial judge refused to allow the defendant to show what the custom was as to the yardage that was generally contained in a piece of this satin de chine. Without any contract regulating the same, it would seem possible for a vendor to make up a piece with twice the yardage contemplated and compel the defendant to pay therefor, if this judgment be rightfully given. It is intimated that the yardage of a piece of this satin de chine was 50 or 60 yards, but evidence to this effect was stricken out of the record. The yardage for which the plaintiff has recovered was for 100 yards per piece, without the slightest evidence that that was the piece contemplated by the parties found by custom or by special contract, and after refusal to allow evidence as to what custom required in regard thereto.

In *Le Roy Silk Mills* v. *Majestic Shirt Co.* (209 App. Div. 399) we held that a memorandum which did not specify the yardage in a quantity of silk to be sold was insufficient under the Statute of Frauds. In that case the proof upon the different claims of the plaintiff and the defendant seems to have varied considerably as to the yardage contemplated which was expressed in their verbal conversation, although not expressed in the writing. Another point upon which reliance is largely placed, that there was no final contract made between the parties, is not well taken. The plaintiff's confirmation of the order required an acceptance within three days, and no acceptance was forthcoming within the time limited. But that, I think, can be waived by the defendant as the contract was accepted later and the contract was signed by both parties on January 26, 1920.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.

---

* See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571.— [REP.